**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIA XI HE, | No. 09-73195 |
| Petitioner, | Agency No. A099-538-220 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

    Jia Xi He, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-45 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on He's evasive, inconsistent, and implausible account of how she obtained her passport. *See Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007) (claimed fear of authorities implausible where petitioner interacted with them and drew attention to himself); *Wang v. INS*, 352 F.3d 1250, 1257-58 (9th Cir. 2003) (adverse credibility finding supported by evasive testimony and by inconsistencies including how petitioner obtained notarial certificate from county he claimed to have fled). Further, He's explanation of why she went to the public security bureau to obtain the passport does not compel an opposite result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Accordingly, in the absence of credible testimony, He's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence supports the BIA's denial of CAT relief because He's CAT claim is based on the same statements that the agency found not credible, and the record does not otherwise compel the finding that it is more likely

09-73195

than not He would be tortured by or with the acquiescence of the government if returned to China. *See id.* at 1156-57. Accordingly, He's CAT claim fails.

**PETITION FOR REVIEW DENIED.**